### In re ZENZOLA.

### No. 45447.

District Court, E. D. Michigan, S. D.

Sept. 13, 1930.

Martin J. Kilsdonk, of Detroit, Mich., for petitioner.

O. T. Moore, Dist. Director of Naturalization, and James L. Pangle, Asst. Dist. Director of Naturalization, both of Detroit, Mich., for respondent.

TUTTLE, District Judge.

This is a petition for naturalization. The petitioner, a subject of Italy, entered the United States in 1924, and continuously since that time has resided in the city of Detroit in this district.

In 1927, the petitioner visited his family in Italy, the country of his allegiance, and in making such visit remained in Italy for seven months. The evidence presented in court in support of his petition satisfactorily shows that he intended to return to the United States within six months after he left it for this visit; that his return within that time was unavoidably prevented by his illness; and that while he was so absent he at all times intended to retain his domicile in Detroit, which he had established in 1924 and to which he returned from said visit in 1927. Such evidence also satisfactorily shows that during the time while he has actually been in Detroit, from the date of his entry in 1924 to and including the present time, he has behaved as a person of good moral character, attached to the principles of the Constitution

of the United States, and well disposed to the good order and happiness of the United States. There was, however, no testimony, by two witnesses, as required by law, tending to indicate, in any way, whether or not the petitioner possessed such good moral character during any part of the period of his absence from Detroit on the visit just mentioned. No witness was produced who had any knowledge or information, based on observation, communications, or otherwise, concerning the acts, conduct, character, or attitude of the petitioner at any time while he was away from his home in Detroit during that seven months' period. The government 'opposes the petition on the ground that the petitioner has not established the continuity of residence and of character required by the applicable statutory provisions.

Section 382 of title 8 of the United States Code, 8 USCA § 382 (being section 4 of the Act of June 29, 1906, as amended by the Act of March 2, 1929, § 6(b), provides as follows:

"No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years and within the county where the petitioner resided at the time of filing his petition for at least six months, (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. At the hearing of the petition, residence in the county where the petitioner resides at the time of filing his petition, and the other qualifications required by this section during such residence, shall be proved by the oral testimony of at least two credible witnesses, citizens of the United States, in addition to the affidavits required by section 379 of this title to be included in the petition. If the petitioner has resided in two or more places in such county and for this reason two witnesses cannot be procured to testify as to all such residence, it may be proved by the oral testimony of two such witnesses for each such place of residence, in addition to the affidavits required by section 379 of this title to be included in the petition. At the hearing, residence within the United States but outside of the county, and the other qualifications required by this section during such residence shall be proved either by depositions made before a naturalization examiner or by the oral testimony of at least two such witnesses for each place of residence.

If an individual returns to the country of his allegiance and remains therein for a continuous period of more than six months and less than one year during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship, the continuity of such residence shall be presumed to be broken, but such presumption may be overcome by the presentation of satisfactory evidence that such individual had a reasonable cause for not returning to the United States prior to the expiration of such six months. Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

It will be noted that this statute requires of an alien, as conditions precedent to his admission to citizenship, (1) continuity of residence, as so prescribed, during the statutory period, and (2) continuity of the good moral character so prescribed, during the same period. Neither one of these two conditions, standing alone, is sufficient. Both of them must be established, by the witnesses, and in the manner, provided by the statute just quoted.

It is also clear that the provision of this statute concerning the effect of temporary absence from the United States relates, by its express terms, only to the question of residence and has no application to any question as to the moral character required. As this court said in the case of In re Barron, 26 F. (2d) 106, 108, "In the naturalization statute the term 'resided in the United States' is used in the sense of having a domicile in the United States." The absence of an alien from his domicile often makes it difficult to determine whether he should be held to have intended to abandon such domicile. The obvious purpose of this provision of the statute, which was added thereto by the amendment of 1929, was to prescribe a definite, uniform rule of construction and of presumption, to be followed in determining the effect of the absence of an alien upon the continuity of his domicile. The requirements relative to the necessary moral character of aliens and the procedure

prescribed for the proof thereof remained the same after the enactment of this amendment as they were theretofore. There is therefore no occasion here to give further consideration to such amendment, as the evidence in this case shows, as already stated, that the petitioner had a reasonable cause for not returning to the United States, from his visit in Italy, within the period of the statutory presumption, and that he intended, during all of the statutory period, to retain his domicile in the United States. Has the petitioner also sufficiently established the continuity of good moral character required by the naturalization statute?

■ The statute, as already quoted, specifically and positively provides that "no alien shall be admitted to citizenship unless * * * during all of the periods referred to in this section he has behaved as a person of good moral character," attached to the constitutional principles, and well disposed to the good order and happiness, of the United States. "All of the periods," thus mentioned, consists of (1) the continuous period of residence of at least five years in the United States immediately preceding the date of the petition for citizenship; (2) the continuous period of residence of at least six months in the county where the petitioner resided at said date; and (3) the continuous period of residence in the United States from said date to the time of such admission. It will be noted that this statute further provides that if the petitioner has resided in two or more places in said county during the period of six months or more required for residence therein, "and for this reason two witnesses cannot be procured to testify as to all such residence, it may be proved by the oral testimony of two such witnesses for each such place of residence." Moreover, section 379 of title 8 of the United States Code, 8 USCA § 379 (being the second subdivision of section '4 of the Act of June 29, 1906, as amended by the Act of March 2, 1929, § 6(a), provides that: "As to each period of residence at any place in the county where the petitioner resides at the time of filing his petition, there shall be included in the petition the affidavits of at least two credible witnesses, citizens of the United States, stating that each has personally known the petitioner to have been a resident at such place for such period, and that the petitioner is and during all such period has been a person of good moral character."

These statutory provisions clearly evidence the intention of Congress to require, as a mandatory condition to the admission of an alien to citizenship, strict proof of the possession by such alien of the prescribed good moral character during the entire period of the residence required, and due proof of such character during such period by witnesses having sufficient knowledge thereof to enable them to testify in regard thereto. As, in the present case, there was a total lack of any evidence tending to indicate that the petitioner behaved as a person of the requisite moral character during any part of the period of more than six months which he spent away from the place of his residence, it cannot, in my opinion, be said that the petitioner has complied with this provision of the statute. It is unnecessary, for the purposes of this case, to determine the exact quantity or quality of evidence required in all cases to establish the necessary continuity of the good moral character prescribed. It is sufficient now to hold, and I so hold, that where, as here, it appears that during the statutory time of residence required of the alien seeking citizenship there is a continuous period of more than six months as to which no evidence of the prescribed good moral character of such alien is produced, the petitioner is not entitled to be admitted to citizenship.

No authorities have been cited on the point here involved, and I have found none except the decision of the Circuit Court of Appeals for the Eighth Circuit in United States v. Deans, 230 F. 957, 959, where, in language which is purely dictum, as the case involved only the question of residence and no question as to character, the court said that: "It is a familiar rule of law that residence and character once proved are presumed to continue in the absence of countervailing evidence, and the ordinary presumptions and rules of evidence are not reversed in suits to cancel certificates of citizenship."

■ Assuming, however, that such language were not dictum, and with due respect to the learning and character of the members of that court, I think it clear that the rule of presumption so mentioned can have no application to a situation, such as that here presented, which is directly controlled by a federal statute expressly requiring evidence of the prescribed residence and character "during all of the periods referred to," in specified detail. In view of the positive and explicit terms of the applicable naturalization statute, and bearing in mind the settled rule of strict construction of such statute which has been adopted and followed by the federal courts, it is clear that any presumptions here

permissible operate in favor of the government and against the alien asking the high privilege of American citizenship. In the words of the Supreme Court, in. United States v. Schwimmer, 279 U. S. 644, 649, 49 S. Ct. 448, 449, 73 L. Ed. 889:

"Because of the great value of the privileges conferred by naturalization, the statutes prescribing qualifications and governing procedure for admission are to be construed with definite purpose to favor and support the government. And, in order to safeguard against admission of those who are unworthy, or who for any reasons fail to measure up to required standards, the law puts the burden upon every applicant to show by satisfactory evidence that he has the specified qualifications. * * * And when upon a fair consideration of the evidence adduced upon an application for citizenship, doubt remains in the mind of the court as to any essential matter of fact, the United States is entitled to the benefit of such doubt and the application should be denied."

I reach the conclusion that the petitioner has failed to show his possession of the necessary continuity of the good moral character required as a condition of naturalization, and that for this reason his petition for admission to citizenship must be denied. An order will be entered accordingly.